**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON MILES, | No. 11-55449 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-08712-CAS-AJW |
| v. | |
| ANTHONY HEDGPETH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

Before: HAWKINS, THOMAS, and HURWITZ, Circuit Judges.

California state prisoner Leon Miles appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291

and 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the California Court of Appeal relied on Miles's failure to make a contemporaneous objection in rejecting his *Batson* claim on direct appeal, the claim is procedurally defaulted for purposes of federal habeas review.[1] *Vansickel v. White*, 166 F.3d 953, 957-58 (9th Cir. 1999). Miles has not demonstrated the cause and prejudice necessary to excuse that procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Miles contends that cause exists because his trial counsel was ineffective in failing to join his co-defendant's *Batson* motions. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). But even assuming, contrary to the California Court of Appeal's conclusion, that counsel's performance was deficient, Miles has not established that the outcome of either his trial or direct appeal would have been different had he joined his co-defendant's *Batson* motions. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**AFFIRMED.**

---

[1] Though Miles disputed the adequacy of California's contemporaneous objection rule, he failed to assert specific factual allegations demonstrating its inadequacy. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).